## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMMIE E. LOFTEN,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 3:05-1193** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **FRANCINE DIOLOSA, et al.,** | **:** | |
| **Defendants** | **:** | |

## MEMORANDUM

Pending before the court are a motion for summary judgment filed on behalf of defendants Jean A. Innamorati and Robert Innamorati, (Doc. 137), and a motion for summary judgment filed on behalf of defendants Joe Diolosa, The Mortgage Office Corp. and The Mortgage Office Corp. d/b/a Lenders Financial, (Doc. 144)[1]. Based upon the court's review of the motions and related materials, the motion for summary judgment filed on behalf of defendants Jean A. Innamorati and Robert Innamorati will be dismissed and the motion for summary judgment filed on behalf of defendants Joe Diolosa, The Mortgage Office Corp. and The Mortgage Office Corp. d/b/a Lenders

---

[1]This motion was also originally filed on behalf of Builders R Us, which was later dismissed from this action by order dated July 1, 2011, (Doc. 110), and Francine Diolosa, who later withdrew the motion on her behalf, (Doc. 165).

Financial will be denied.

## I.   PROCEDURAL HISTORY

By way of relevant background[2], the plaintiff filed the instant action relating to the sale and purchase of a residential property in Monroe County, Pennsylvania, on June 15, 2005. An amended complaint was filed on January 14, 2008, which consists of ten claims: the First through Fourth Claims, which are against the individual defendants, allege violations of the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. §1962(c) and (d); the Fifth and Sixth Claims are against all defendants and allege violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, ("PaUTPCPL"), 73 Pa.C.S. §§201-1, et seq.; the Seventh Claim, which is against all defendants, alleges violations of the Real Estate Settlement and Procedures Act, ("RESPA"), 12 U.S.C. §§2601, et seq.; the Eighth Claim alleges a breach of fiduciary duty against defendants The Mortgage Office Corp. and Lenders Financial; the Ninth Claim is a state law claim for unjust enrichment against all defendants; and the Tenth Claim is a state law claim

---

[2]This has case has had many procedural twists and turns since its filing back in 2005. Only the background relevant to the pending motions for summary judgment will be set forth herein.

for fraud against all defendants.

By memorandum and order of court dated July 31, 2008, the Fifth, Sixth, Seventh and Tenth Claims of the plaintiff's amended complaint were dismissed. (Doc. 77).

On August 20, 2008, an answer to the plaintiff's amended complaint was filed on behalf of defendants Joe Diolosa, The Mortgage Office Corp., and The Mortgage Office Corp. d/b/a Lenders Financial. (Doc. 80).

On January 30, 2009, an answer to the plaintiff's amended complaint was filed on behalf of defendants Jean A. Innamorati and Robert Innamorati. (Doc. 90).

On July 9, 2013, a motion for summary judgment was filed on behalf of defendants Jean A. Innamorati and Robert Innamorati, (Doc. 137), along with a brief and exhibits in support thereof, (Doc. 138). The plaintiff filed a brief in opposition to this motion for summary judgment, along with exhibits, on July 24, 2013. (Doc. 149). A response to the Innamoratis' motion for summary judgment was filed the same day. (Doc. 151). A reply brief was filed by the Innamoratis on August 6, 2013. (Doc. 161).

In the meantime, on July 15, 2013, a motion for summary judgment was filed on behalf of Joe Diolosa, The Mortgage Office Corp., and The Mortgage

Office Corp. d/b/a Lenders Financial, ("Diolosa defendants"), (Doc. 144),

along with a brief and exhibits in support thereof, (Doc. 145). A response to

this motion for summary judgment was filed by the plaintiff on July 30, 2013.

(Doc. 155), along with a brief in opposition and exhibits, (Doc. 157). On the

same day, the Diolosa defendants filed a statement of material facts in

support of their motion for summary judgment. (Doc. 156). A reply brief in

support of the Diolosa defendants' motion for summary judgment was filed on

August 13, 2013. (Doc. 162).

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery

[including, depositions, answers to interrogatories, and admissions on file]

and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901

F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury

could find for the non-moving party, and is material if it will affect the outcome

of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny,

139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

## III.   DISCUSSION

As related to the remaining defendants and claims, the plaintiff alleges in his amended complaint that as a result of the defendants' "conspiracy and fraudulent acts," he "purchased a house for approximately 50% to 100% in excess of its actual value; he was obligated to pay a note and mortgage based upon the inflated valuation of the home and not the true value," and defendants all profited from this allegedly fraudulent endeavor.

The plaintiff alleges that the Diolosa defendants engaged in false advertising directed toward unsophisticated, lower income, first time home buyers living in the New York Metropolitan Area. He claims that there were

material misrepresentations as to the amount in real estate taxes that would be required to be paid, pre-payment penalties, the market value of the home, and the benefit of legal representation in connection with the transaction. The plaintiff further alleges that the Diolosa defendants conspired with the Innamoratis to inflate the value of the property being acquired.

## A.   Innamoratis' Motion for Summary Judgment

With respect to the Innamoratis, two claims remain. In the Fourth Claim, the plaintiff alleges a RICO violation. Here, the plaintiff alleges that the Innamoratis conspired with the Diolosa defendants beginning prior to 2001 and continuing beyond the October 2004 date of closing involving the plaintiff's property and involved individual transactions between other defrauded home purchasers and the Diolosa defendants. The plaintiff alleges that the object of the conspiracy was to bring the plaintiff to the point of settlement for which the Innamorati and Diolosa defendants received substantial remuneration in the form of sale proceeds, financing charges, servicing fees, and appraisal fees.

At the relevant time, the plaintiff alleges that defendant Robert Innamorati was not a licensed real estate appraiser, and that defendant Jean

A. Innamorati utilized the information and data procured by defendant Robert Innamorati and adopted the information without conducting her own independent analysis of the property and market so as to develop her own independent analysis of the market value of the property.

The plaintiff further alleges that the Innamorati defendants knew of and agreed to the commission of numerous predicate acts by the Diolosa defendants, and knew that the Diolosa defendants would receive the necessary funding for the closing of the title with plaintiff if the appraisal equated or exceeded the value required by the defendants so that the initial lending defendant would consummate the closing and provide the funds necessary for the conspiracy.

The plaintiff alleges that the Innamoratis inflated the appraisal value of his property in order to benefit themselves and other defendants. The plaintiff alleges that the Innamoratis knew that the value of labor and materials used to reconstruct the plaintiff's property had been inflated and that the Innamoratis used that inflated value to inflate the value of their appraisal of the property. In addition, the plaintiff alleges that the Innamoratis knew that the inflated valuation would dictate that the points required to be paid by the plaintiff to the mortgage lenders would be higher based upon the inflated

valuation and the increased financing required to close the higher priced deed figure recited and submitted by the Diolosa defendants at the time of closing.

The plaintiff alleges that he has been injured in his property as a result of the overt acts by the Innamorati defendants, in that he purchased a home at fraudulently inflated prices on which he is now obligated to make mortgage payments on the inflated, not the actual, value of the property, and in paying excessive fees and settlement charges at the time of the closing.

In the Ninth Claim, Unjust Enrichment, the plaintiff alleges with respect to the Innamoratis that they willfully inflated the appraisal of the plaintiff's property in order to secure future business from the Diolosa defendants and to enrich themselves and other defendants to the plaintiff's detriment.

In an attempt to demonstrate that there are no material issues of fact for trial and that they are entitled to judgment as a matter of law on the plaintiff's claims against them, the Innamorati defendants filed a motion for summary judgment. In considering their filing, contrary to Middle District of Pennsylvania Local Rules of Court, Local Rule 56.1, the Innamorati defendants have failed to file a statement of material facts with appropriate record citations in support of their motion. Local Rule 56.1 provides, in relevant part:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

> \* \* \*

> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

As this court has previously discussed, the requirement of a statement of undisputed material facts, as provided for in Local Rule 56.1, is consistent with Fed.R.Civ.P. 56, which requires the movant to show that there are no genuine issues of material fact for trial. Rocuba v. Mackrell, 2011 WL 6782955 (M.D. Pa. Dec. 21, 2011); Landmesser v. Hazleton Area School District, —F.Supp.2d—, 2013 WL 6002171 (M.D.Pa. Nov. 12, 2013). Moreover, the purpose of the factual statements required by Local Rule 56.1 is not insignificant:

> These statements are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it

> might be able to distill the relevant information from the record on its own.

Id. (citing Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir.1994) (addressing Local Rule 56.1 for the Southern District of Indiana which provides requirements strikingly similar to that of Local Rule 56.1 for the Middle District of Pennsylvania). See also Ritter v. Virtue, 2010 WL 4942107, at *3 n.1 (M.D.Pa. Nov.30, 2010) ("We will dismiss defendant DeLong's motion for summary judgment for failure to conform her motion to the local rules. Local Rule 56.1 requires that when a defendant files a motion for summary judgment the motion must be accompanied by a separate statement of material facts. Here, DeLong failed to file such a statement."); Equipment Finance, LLC v. Hutchison, 2010 WL 3791481 (E.D.Pa. Sept. 24, 2010) (denying movant's motion for summary judgment for failure to file a statement of undisputed material facts)).

Based upon the foregoing, the Innamoratis' motion for summary judgment will be dismissed for their failure to comply with the requirements of L.R. 56.1.

### B. Diolosa Defendants' Motion for Summary Judgment

The Diolosa defendants have four claims remaining against them. In the

11

First Claim, which is against defendants Francine and Joseph Diolosa, the plaintiff alleges that these defendants with their affiliated companies comprised an association-in-fact enterprise within the meaning of RICO. The plaintiff alleges that Francine and Joe Diolosa, both solely and jointly, conducted the affairs of the enterprise through a pattern of racketeering activity consisting of mail and wire fraud. The plaintiff alleges that he has been injured as a result of this pattern of racketeering activity in that he has purchased a home at a price substantially above its fair market value, with a mortgage he cannot afford. The plaintiff further alleges that he has sustained "emotional and psychological damages," and that his credit worthiness has been destroyed.

In the Second Claim, which is against defendants The Mortgage Office Corp. and The Mortgage Office Corp. d/b/a Lenders Financial, the plaintiff alleges a conspiracy between these defendants and Francine and Joseph Diolosa, claiming that these defendants knowingly participated in and facilitated the alleged conspiracy through a number of overt acts, including mail and wire fraud, from which they received substantial remuneration.

In the Eighth Claim, which is against defendants The Mortgage Office Corp. and The Mortgage Office Corp. d/b/a Lenders Financial, the plaintiff

alleges a breach of fiduciary duty for failure to act in the plaintiff's best interests.

Finally, as set forth above, in the Ninth Claim, the plaintiff alleges an unjust enrichment claim against all of the defendants.

In an attempt to controvert the allegations set forth against them in the plaintiff's amended complaint, the Diolosa defendants have filed a motion for summary judgment, along with a statement of material facts. The Diolosa defendants' statement of material facts consists of twenty-one numbered paragraphs. Upon review, over half (eleven) of the paragraphs have no record citation at all. (Doc. 156, ¶¶3, 4, 6, 8, 10, 11, 14-17, 21). Moreover, of the remaining paragraphs that do have record citations, a majority of these cite directly to the plaintiff's amended complaint or simply recite information alleged in the plaintiff's amended complaint. (Doc. 156, ¶¶ 1, 2, 7, 9, 12, 13, 18).

The three paragraphs which remain, i.e., ¶¶5, 19, 20, even though not responded to by the plaintiff[3], are simply insufficient to entitle the Diolosa defendants to summary judgment on the plaintiff's claims. To this extent,

---

[3]Contrary to L.R. 56.1, the plaintiff failed to file a statement of facts responsive to that of the Diolosa defendants'.

paragraph 5 alleges only that Ann Knueppel, a real estate agent, recommended that the plaintiff contact defendant Lender's Financial for another home purchase which is not the subject of the instant action. Paragraphs 19 and 20 state that the plaintiff based his claim that the Innamoratis' appraisal was inflated upon appraisals which he received years after the closing on the property at issue, as well as on informal conversations he had with other home owners and real estate tax assessments, (¶19), and that the plaintiff has no knowledge of the tax assessment procedures, specifically including then common level ratios utilized by the tax assessor in determining the assessed value as opposed to the fair market value of real estate, (¶20). These facts are simply insufficient to establish that no genuine issue of material fact exists with respect to the plaintiff's RICO, breach of fiduciary duty, and unjust enrichment claims against the Diolosa defendants, and that the Diolosa defendants are entitled to judgment as a matter of law. The Diolosa defendants' motion for summary judgment will therefore be denied.

## IV.  CONCLUSION

Based upon the foregoing, an appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 13, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2005 MEMORANDA\05-1193-01.wpd