**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JIMMIE E. LOFTEN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:05-1193** |
| v. | : | **(JUDGE MANNION)** |
| **FRANCINE DIOLOSA, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Pending before the court is a motion for leave to withdraw appearance filed by Jeffrey G. Velander, counsel for the defendants Francine Diolosa, Joseph Diolosa and The Mortgage Office Corp., d/b/a Lenders Financial, ("Diolosa defendants"). (Doc. 258). Based upon the court's review, Attorney Velander's motion will be granted.

By way of relevant background[1], Attorney Velander entered his appearance on behalf of the Diolosa defendants and Builders R us, Inc.[2] on September 11, 2005. (Doc. 11). Pursuant to Attorney Velander's agreement for representation of the Diolosa defendants, Attorney Velander would charge a fee in the amount of $10,000 for representation in pre-trial and trial matters and the clients would pay all costs. Attorney Velander's fee, which did not

---

[1]The relevant background has been extracted both from the docket in this case, as well as Attorney Velander's motion to which no opposition has been filed.

[2]The action against Builders R Us, Inc., was dismissed with prejudice on October 19, 2011. (Doc. 112).

include representation on appeal or subsequent trials, was paid by the Diolosa defendants in 2005.[3]

After the case had been pending for a number of years, on April 30, 2014, a motion for continuance of proceedings was filed on behalf of the Diolosa defendants, as both Francine and Joseph Diolosa had filed for Bankruptcy in the Middle District of Pennsylvania. (Doc. 180). The undersigned denied the motion for continuance and set a pre-trial conference for May 2, 2014. (Doc. 181). At the pre-trial conference, it was determined that the instant action would proceed against The Mortgage Office Corp., d/b/a Lenders Financial and Jean and Robert Innamorati[4]. Otherwise, the matter was stayed as to Francine and Joseph Diolosa in light of the bankruptcy proceedings.

On June 4, 2014, after a trial by jury, a verdict was entered in favor of the plaintiff and against the defendant The Mortgage Office Corp., d/b/a Lenders Financial in the amount of $30,000. (Doc. 234).

The Bankruptcy Court docket reflects that, since the initial trial in this matter, Joseph Diolosa has been released from the Bankruptcy Court stay.

---

[3]In addition, a sum of $2,000 was paid by the Diolosa defendants for costs and fees related to the initial trial in this matter.

[4]The Innamorati's were not represented by Attorney Velander. During the course of the trial, the Innamorati defendants entered into a settlement agreement with the plaintiff.

2

<u>See</u> United States Bankruptcy Court, Middle District of Pennsylvania, Bankruptcy Petition No. 5:14-bk-2033. Given the lift of the stay with respect to Mr. Diolosa, and with the potential for a trial to now be scheduled with respect to him, a status conference was held with counsel on September 21, 2015. The court indicated at that time that a trial would be scheduled in the near future in an attempt to finally get this matter resolved.

With the prospect for a trial on the horizon, Attorney Velander contacted Joseph Diolosa, who conveyed that, in the event another trial is scheduled, he will not pay Attorney Velander any additional monies for that trial. In light of this, Attorney Velander informed Mr. Diolosa that he intended to withdraw his appearance in this case. Mr. Diolosa had no objection. Attorney Velander represents that he has attempted to contact Francine Diolosa by telephone regarding his intent to withdraw, but has been unable to do so. Attorney Velander has discussed his intention to withdraw from this matter with opposing counsel, who had no objection. Attorney Velander has now filed a motion to withdraw as counsel for the remaining Diolosa defendants. No entry of appearance has been made by other counsel.

Pursuant to the Middle District of Pennsylvania Local Rules of Court, L.R. 83.15:

> Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal. If counsel is superseded by new counsel, such new counsel shall enter an appearance and counsel who is superseded shall comply with this rule and apply for leave to withdraw from the action. The court

> may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance.

It is within the sound discretion of the court to determine whether to grant counsel leave to withdraw. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir. 1986). Factors which the court may consider in deciding an attorney's motion to withdraw include: (1) the reasons that withdrawal is sought; (2) the prejudice the withdrawal may cause to litigants; (3) the harm the withdrawal might cause to the administration of justice; and (4) the degree to which the withdrawal will delay resolution of the case. See Taylor v. Stewart, 20 F.Supp.2d 882, 883 (E.D.Pa. 1998).

The court finds in this case that the above factors support allowing counsel for the Diolosa defendants to withdraw his appearance. Initially, counsel will suffer a financial hardship if he is forced to continue to litigate this case, which is a compelling reason in favor of withdrawal. To this extent, although Attorney Velander was compensated for the initial trial in this matter, he has already been informed that he will not be compensated for another trial or any additional services in this matter. Pennsylvania Rule of Professional Conduct 1.16(b)(6) provides that counsel may withdraw from representation where "the representation will result in an unreasonable financial burden on the lawyer." See Buschmeier v. G&G Invs. Inc., 222 Fed. App'x 160, 164 (3d Cir. 2007). The court finds that the financial burden on Attorney Velander in preparing for and conducting another trial in this matter without compensation

will present a financial hardship upon him.

In considering the second factor, it would appear that any prejudice that Attorney Velander's withdrawal will cause the parties is minimal. Joseph Diolosa has already indicated that he does not oppose Attorney Velander's withdrawal, as has opposing counsel. Although Attorney Velander represents that he has been unable to contact Francine Diolosa by telephone, she has been served with a copy of the instant motion and has not filed an opposition indicating that she would suffer any prejudice as a result of the withdrawal. Moreover, the court notes that a second trial has yet to be scheduled. As such, to the extent Attorney Velander is allowed to withdraw his appearance, the Diolosa defendants may either attempt to find replacement counsel before a trial is scheduled or may proceed with their case *pro se*, whichever they choose.

With respect to the final two factors, the court finds that allowing Attorney Velander to withdraw his appearance will not harm the efficient administration of justice or unduly delay the case. To this extent, as noted, the case has yet to be scheduled for a second trial and therefore any such trial will not be materially affected by granting Attorney Velander's request. Moreover, this case has been delayed for an extended period of time due to the Diolosas' bankruptcy proceedings. Although Joseph Diolosa's bankruptcy proceedings have been resolved, in that his bankruptcy case has been dismissed, the effect of the status of Francine Diolosa's bankruptcy

proceedings on this action has yet to be finally resolved. Further, even if it were necessary to grant the Diolosa defendants a brief period of time to obtain replacement counsel, as indicated above, opposing counsel has not opposed Attorney Velander's motion, from which the court concludes that the plaintiff does not believe that allowing Attorney Velander to withdraw would harm the efficient administration of justice or unduly delay the case.

In light of all of the foregoing, the court will grant Attorney Velander's motion to withdraw his appearance in the above-captioned matter. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 2, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2005 MEMORANDA\05-1193-04.wpd